IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| JACQUE LEE MCBRIDE,<br><br>            Plaintiff,<br><br>vs.<br><br>LEE GIBSON, CEO d/b/a SOUTHSIDE BANK,<br><br>            Defendant. | NO. 1:22-CV-00159-MAC-ZJH |

**REPORT AND RECOMMENDATION GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

This case is assigned to the Honorable Marcia A. Crone, United States District Judge, and is referred to the undersigned United States Magistrate Judge for pretrial management. Pending before the undersigned is Defendant Lee Gibson's *Motion to Dismiss for Lack of Subject Matter Jurisdiction*. Doc. No. 5. Because Gibson and *pro se* Plaintiff Jacque Lee McBride are both Texas citizens and there is no basis for federal question jurisdiction, the motion should be granted.

**I. Background**

On April 19, 2022, McBride filed a *Motion for Declaratory Judgment*. Doc. No. 1. Because McBride is proceeding *pro se*, the court necessarily holds her pleadings to "less stringent standards than formal pleadings drafted by lawyers" and construes them liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Perez v. United States*, 312 F.3d 191, 194-95 (5th Cir. 2002). Even affording such a liberal construction, the legal basis for this suit is not entirely clear. In summary, McBride is seeking a declaration that she is the clear title owner of property located at 147 County Road 222 and 190 Yvette Drive, both in Brookeland, Texas. McBride claims that she

"accepted title" to both properties from Jacquelyn Cofty. Years ago, Cofty obtained loans from First Bank and Trust East Texas that were secured by both pieces of property. Southside Bank is First Bank and Trust's successor-in-interest, and Lee Gibson is Southside's CEO. In the beginning of 2022, Cofty's amount due was $81,372.51 on the 147 CR 222 property and $17,640.95 on the Yvette Drive property. Doc. No. 1 at 36, 38. After "accepting title" from Cofty, McBride made a "Notice to Settle Account, Notice to Cease and Desist, Notice of Agent, Account Authorization and Tender" to Southside in late 2021. It appears she repeatedly sent similar correspondence in early 2022 but that Southside did not respond to her liking. Because Southside failed to do so, it appears McBride claims she now owns legal title to the properties and that Southside or Gibson should pay her the outstanding balance of the loan owed by Cofty.

## II.  Legal Standard: Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction, meaning they possess only the "power authorized by [the] Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.*

There are two basic types of jurisdiction: diversity and federal question. Diversity jurisdiction requires (1) that "the matter in controversy exceed[] the sum or value of $75,000," and (2) that the case be between "citizens of different states." 28 U.S.C. § 1332. By contrast, federal question jurisdiction requires that the case arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

If a federal court does not have subject matter jurisdiction, it must dismiss the case. Further, "the court has an affirmative duty to raise [] issues regarding subject matter jurisdiction,

*sua sponte*, whenever a problem with subject matter jurisdiction is perceived." *See City of Sachse, Tex. v. Kan. City S. Ry. Co.*, 564 F. Supp. 2d 649, 653 (E.D. Tex. 2008) (Schell, J.) (citing *Dominguez-Cota v. Cooper Tire & Rubber Co.*, 39 F.3d 650, 652 n.1 (5th Cir. 2005)); *Tex. Div., Sons of Confederate Veterans v. Vandergiff*, 759 F.3d 388, 392 (5th Cir. 2014) ("Neither party has argued that this court lacks jurisdiction, but federal courts have a duty to consider their subject matter jurisdiction *sua sponte*."), *rev'd on other grounds*, 135 S. Ct. 2236 (2015).

### III.  Analysis

Pursuant to Federal Rule of Civil Procedure 12(b)(1), Gibson moves to dismiss the case for lack of diversity jurisdiction.  In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship.  *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797 (5th Cir. 2007).  Gibson swore in an affidavit that he is a "resident and citizen of Texas" and that his "principal residence and place of domicile is in Texas."  Doc. No. 5-1 at 2.

Gibson argues that McBride is a Texas citizen because her address is 15674 US Highway 96 North, Box 35, Brookeland, Texas 75931.  Doc. No. 5 at 4.  The undersigned notes that this is most likely McBride's *mailing* address and not her residential address.  Even if this were McBride's residential address—which does not appear to be the case—an allegation that a party is a resident of a certain state is not a sufficient allegation of her citizenship in that state.  *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) ("For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient.").  Evidence of a person's place of residence, however, is *prima facie* proof of her domicile.  *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011).

In response to Gibson's motion, McBride states that she is:

>   foreign to the United States Corporation. The Plaintiffs Treaty and Financial Statement is on public record along with the Plaintiffs Laws. Also on public record is the Plaintiffs Fee Schedule. The Plaintiff and Defendant are under totally different jurisdictions. The Plaintiffs Declaration and Security Agreement stand above any constitution of the United States as per the laws of this court. And the Plaintiff is the owner of said corporation "JACQUELYN LOUISE COFTY," as per documents filed on the public record.

Doc. No. 6 at 3.

In determining a litigant's domicile, a court must address a variety of factors that include the places where she exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for her family. *Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996).

When McBride filed this suit, she listed Jasper County, Texas as her county of residence on the civil cover sheet. Doc. No. 1-1.[1] She alleges the "crimes committed" against her also took place in Jasper County. Doc. No. 1 at 1. She also asserts legal ownership of two pieces of real property in Brookeland, Texas. Her signature is repeatedly notarized by a Texas notary public in Jasper County. *See, e.g.*, *id*. at 4. She also attached a document to her pleadings titled "Business Name Declaration to be Conducted Under a Trade Name" where she certifies that she conducts business in the "City of Deer Park, County of Jasper" [sic]. *Id*. at 7. Further, in a document purported to be a "UCC Financing Statement," she claims she is a creditor operating from her P.O. Box in Brookeland, Texas, and that she is the "owner" of a debtor under the name "147 Tiger Creek House—Address: 147 County Road 222, Brookeland, TX 75931 USA." *Id*. at 8.

---

[1] Throughout her pleadings, McBride also references "Brookeland, Texas Republic." *See, e.g.*, Doc. No. 1 at 1. In 1845, Texas became the twenty-eighth state of the United States and ceased its existence as a republic. *United States v. McLaren*, No. P-00-CR-400, 2001 WL 1910571, at *1 (W.D. Tex. June 19, 2001). To the extent McBride argues diversity jurisdiction is achieved because she is a member of the "Texas Republic," her argument is without merit.

From this information, it can be assumed that McBride is domiciled in Texas as she resides, owns property, and conducts business in this state. McBride has no other apparent connection to any other state or country. Therefore, she has not met her burden to show diversity jurisdiction exists. *See Harvey Const. v. Robertson-Ceco Corp.*, 10 F.3d 300, 303 (5th Cir. 1994) ("[T]he party seeking to invoke jurisdiction has the burden of proving the facts necessary to sustain jurisdiction.").

Second, the court does not have federal question jurisdiction. While not entirely clear what McBride's claims are, they presumably are governed under Texas state substantive law. In response to the motion to dismiss, McBride does cite to the Fair Debt Collection Practices Act (FDCPA) in passing, but she mentions it in the context that Defendants "committed a federal crime by pretending to be the original loaner." *See* Doc. No. 6 at 5.

As preliminary matter, the FDCPA provides only for civil, not criminal, liability. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 576 (2010). Regardless, the "pleading of federal jurisdiction requires more than a simple allegation that jurisdiction exists or citation of a federal statute . . . [it requires] that the complaint clearly set out the basic facts necessary to support the conclusion" that federal jurisdiction does in fact exist. *Gilbeaux v. Univ. of Tex. Med. Branch*, 42 F. Supp. 2d 637, 641 (E.D. Tex. 1998). Further, "federal question jurisdiction is present only if reliance on a federal right appears on the face of the complaint." *Id*. (citation omitted); *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002) (mere reference to some aspect of federal law in the complaint does not automatically establish federal question jurisdiction); *Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980) ("[T]he assertion that the claim involves [a federal] question must be more than incantation.").

The face of McBride's complaint does not set out the basic facts necessary to show reliance on the FDCPA or any other federal right. *See Martin v. Lagualt*, 315 F. Supp. 2d 811, 814 (E.D. Va. 2004) ("Plaintiff's mere mention of FDCPA in a complaint which seeks damages exclusively under state defamation and insulting words law is insufficient to vest this court with jurisdiction."). McBride has therefore failed to show that federal question jurisdiction exists in this case.

## V. Recommendation

Because Plaintiff Jacque Lee McBride's claims do not invoke diversity or federal question jurisdiction, this case should be dismissed without prejudice for lack of subject matter jurisdiction.

## VI. Objections

Pursuant to 28 U.S.C. § 636(b)(1)(C) (Supp. IV 2011), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report; and (4) be no more than eight pages in length. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2); E.D. Tex. Civ. R. CV-72(c). A party who objects to this Report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this Report, within fourteen (14) days of being served with a copy of this Report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings

of fact and conclusions of law accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

SIGNED this 24th day of June, 2022.

                                                  Zack Hawthorn
                                                  United States Magistrate Judge