IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| JACQUE LEE MCBRIDE,<br><br>          Plaintiff,<br><br>vs.<br><br>LEE GIBSON, CEO d/b/a SOUTHSIDE BANK,<br><br>          Defendant. | NO. 1:22-CV-00159-MAC-ZJH |

**SECOND REPORT AND RECOMMENDATION GRANTING DEFENDANT'S MOTION TO DISMISS**

This case is assigned to the Honorable Marcia A. Crone, United States District Judge, and is referred to the undersigned United States Magistrate Judge for pretrial management. Pending before the undersigned is Defendant Lee Gibson's *Motion to Dismiss Plaintiff's Fair Debt Collection Practices Act Claim* ("Motion to Dismiss" or "Motion"). Doc. No. 17. As *pro se* Plaintiff Jacque Lee McBride has failed to establish this court has subject-matter jurisdiction to entertain this case, and has failed to show her Fair Debt Collection Practices Act allegation states a claim upon which relief may be granted, the court recommends granting Gibson's pending motion (Doc. No. 17).

Because McBride is proceeding *pro se*, the court necessarily holds her pleadings to "less stringent standards than formal pleadings drafted by lawyers" and construes them liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Perez v. United States*, 312 F.3d 191, 194-95 (5th Cir. 2002).

## I. Background

On April 19, 2022, McBride filed a *Motion for Declaratory Judgment*, seeking a declaration that she is the clear title owner of properties located at 147 County Road 222 and 190 Yvette Drive, both in Brookeland, Texas. Doc. No. 1. McBride alleges that she "accepted the title" to both properties from Jacquelyn Cofty, who obtained loans from First Bank and Trust East Texas ("First Bank & Trust"), using both pieces of property as collateral. *Id.* at 2; Doc. No. 5 at 1. Southside Bank is First Bank & Trust's successor-in-interest, and Lee Gibson is Southside's CEO. *Id.* In the beginning of 2022, Cofty owed $81,372.51 on the 147 CR 222 property and $17,640.95 on the Yvette Drive property. Doc. No. 1 at 36, 38.

After "accepting the title" from Cofty, McBride made a "Notice to Settle Account, Notice to Cease and Desist, Notice of Agent, Account Authorization and Tender" to Southside in late 2021. *Id.* at 2. McBride alleges these notices amount to legal tender "for the settlement of the Account," and because Southside allegedly failed to respond, it accepted her tender. Doc. No. 1 at 2-3, ¶¶ 7-10. McBride asserts she now owns legal title to the properties, and that Southside or Gibson should pay her the outstanding balance of the loan Cofty owed. *Id.* at 3, ¶¶ 11-12.

In her *Motion for Declaratory Judgment* (Doc. No. 1), McBride brought forth allegations under multiple sections of the Uniform Commercial Code ("UCC"). Doc. No. 1 at 3. On May 5, 2022, Gibson filed his *Motion to Dismiss* (Doc. No. 5), in part, raising a Federal Rule of Civil Procedure 12(b)(1) challenge to McBride's complaint for lack of subject-matter jurisdiction. Doc. No. 5 at 4. In response, McBride filed a *Motion for Hearing Before Judge and Response to Defendant's Motion* ("Response") (Doc. No. 6) and a *Motion for Emergency Injunction* (Doc. No. 7). In her *Response*, McBride raised, for the first time, an allegation under the Fair Debt Collection Practices Act ("FDCPA"). Doc. No. 6 at 5.

2

On June 21, 2022, the undersigned issued a *Report and Recommendation*, recommending dismissal of McBride's case for lack of subject-matter jurisdiction, holding that diversity jurisdiction does not exist because the parties are not diverse, McBride has only alleged state law claims under the UCC, and that McBride's passing reference to the FDCPA was insufficient to confer federal question jurisdiction. *See generally* Doc. No. 11. On July 6, 2022, McBride filed her *Objection and Response to Magistrate Judge's Report and Recommendation*, once again raising a brief allegation under the Fair Debt Collection Practices Act. Doc. No. 14 at 3. On September 7, 2022, the court issued an *Order* (Doc. No. 16) directing Gibson to file a Rule 12 response to McBride's objection, addressing McBride's FDCPA claim. Gibson filed his *Motion to Dismiss Plaintiff's Fair Debt Collection Practices Act Claim* on September 14, 2022. Doc. No. 17. The undersigned will now turn to the instant motion.

## II. Legal Standards

A. <u>Lack of Subject-Matter Jurisdiction</u>

A motion to dismiss filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the subject-matter jurisdiction of the federal district court. FED. R. CIV. P. 12(b)(1). Federal courts are courts of limited jurisdiction, meaning they possess only the "power authorized by [the] Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *CleanCOALition v. TXU Power*, 536 F.3d 469, 473 (5th Cir. 2008). Specifically, "[a] Rule 12(b)(1) motion should be granted only 'if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction.'" *Davis v. United States*, 597 F.3d 646, 649 (5th Cir. 2009).

3

There are two basic types of jurisdiction: diversity and federal question. Diversity jurisdiction requires that: (1) "the mattery in controversy exceed[] the sum or value of $75,000," and (2) that the case be between "citizens of different states." 28 U.S.C. § 1332(a)(1). By contrast, federal question jurisdiction requires that the case "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation omitted). The plaintiff's complaint must establish that "federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (citation omitted). Federal question jurisdiction does not arise from the "mere presence of a federal issue in a state cause of action." *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 813 (1986) (footnote and citation omitted).

B. <u>Failure to State a Claim</u>

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

When assessing a motion to dismiss under this Rule, the court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). However, courts must

"identify and disregard conclusory allegations because they are 'not entitled to the assumption of truth.'" *Lamar Cnty. Elec. Coop. Ass'n v. McInnis Bros. Constr., Inc.*, No. 4:20-CV-930, 2021 WL 1061188, at *4 (E.D. Tex. Mar. 19, 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

### III. Analysis

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Gibson moves to dismiss the case for lack of subject-matter jurisdiction and for failure to state a claim.

In the court's June 24, 2022 *Report and Recommendation*, the undersigned held the court lacks diversity jurisdiction because the parties were not diverse, and McBride only alleged state law in her complaint. Doc. No. 11 at 3-5. The only question remaining is whether McBride sufficiently pleaded the existence of a federal cause of action such that federal question jurisdiction exists. The court agrees with Defendant Gibson that McBride's passing reference to the Fair Debt Collection Practices Act ("FDCPA") does not confer federal question jurisdiction on this court to entertain her case, or in the alternative, it fails to state a claim upon which relief may be granted.

First, McBride's *Complaint* (Doc. No. 1) does not plead any federal cause of action. Instead, under the fourth heading, "Statement of Laws," McBride alleges causes of action under theories of contract law, and multiple sections of the UCC. Doc. No. 1 at 3. There is no reference to federal law in her complaint, other than the definition of what constitutes "money" in the Federal Deposit Insurance Act, 12 U.S.C. § 1813 ("Definitions" section). *Id.*, ¶ 7. This alone precludes the existence of federal question jurisdiction. *Caterpillar Inc.*, 482 U.S. at 392 (Well-pleaded complaint rule); *Merrell Dow Pharms., Inc.*, 478 U.S. at 813.

In response to Gibson's original motion to dismiss (Doc. No. 5), McBride first cited to the FDCPA, alleging that Gibson and Southside Bank "committed a federal crime by pretending to be the original loaner." *See* Doc. No. 6 at 5. Further, in her *Objections* to the undersigned's *Report and Recommendation* (Doc. No. 11), McBride continued on this theory, stating:

> The Defendant committed a federal crime. This is a Federal Court? Is it not?[] The Defendant committed the crime by pretending to be the original loaner, the contract is between First Bank & Trust East Texas and the Plaintiff. Southside Bank is nowhere listed on [the] contract the Defendant brought into court. The contract was purchased by Southside[,] thereby making them a 3rd party of a, so[-]called debt. And [p]er the Fair Debt Collection Practices Act of 1977, thereby making any 3rd party collection illegal. The original debt was again paid at the sale of the contract, and the Defendant also failed to disclose the debt was paid and continued to extort money on a debt that was already paid, which is a federal crime. The Fair Debt Collection Practices Act IS the main FEDERAL law that governs debt collection practices. A crime was committed. Violations include: Continued attempts to collect a debt not owed, [t]aking or [threatening] illegal action against the [c]ollateral, [f]ailure to [d]isclose.
>
> Furthermore, per Title 15 Section 78, once an instrument is sold, the debt becomes paid by law.

Doc. No. 14 at 3.

Here, McBride cannot satisfy her burden of establishing federal question jurisdiction in a subsequent pleading outside of her complaint. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (footnote and citation omitted) ("[T]he burden of establishing federal jurisdiction rests on the party seeking the federal forum."); *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.").

However, even if the court liberally construes McBride's objection to the fullest extent, McBride has failed to show her FDCPA allegation plausibly states a claim upon which relief may be granted. As the court previously discussed in its earlier *Report and Recommendation* (Doc. No.

6

11), the FDCPA provides only for civil, not criminal, liability. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 576 (2010) (emphasis added) ("The Fair Debt Collection Practices Act (FDCPA or Act) imposes *civil liability* on 'debt collector[s]' for certain prohibited debt collection practices."). McBride began this FDCPA-related portion of her objections stating, "The Defendant committed a federal crime." Doc. No. 14 at 3; *see also* Doc. No. 6 at 5. This is incorrect.

Further, McBride alleges that Southside Bank purchased the loan agreements between First Bank & Trust East Texas and Jacquelyn Cofty, and that after McBride "accepted the title" to the properties from Cofty, she no longer has to pay back the loan. In McBride's point of view, Southside Bank's "purchase" of the loan agreement dissolves her financial obligations to First Bank & Trust, and instead obliges Southside Bank to pay *her* the amount of the loan. *See* Doc. No. 14 at 3. Therefore, McBride contends, Gibson and Southside are acting as third-party collectors to the loan when they seek payments from her, and this violates the FDCPA. *See id.*

The FDCPA "regulates interactions between consumer debtors and 'debt collector[s],' defined to include any person who 'regularly collects . . . debts owed or due or asserted to be owed or due another.'" *Jerman*, 559 U.S. at 577 (citing 15 U.S.C. §§ 1692a(5), (6)). "Among other things, the Act prohibits debt collectors from making false representations as to a debt's character, amount, or legal status." *Id.* (citing 15 U.S.C. § 1692e(2)(A)). The Act also provides exclusions from the term "debt collector." 15 U.S.C. § 1692a(6). Important among these exclusions are: (A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor; and (F) any person collecting or attempting to collect any debt owed or due asserted to be owed or due another to the extent such activity (ii) concerns a debt which was originated by such person. *Id.* §§ (6)(A), (6)(F)(ii).

7

First, Defendant Lee Gibson, as CEO of Southside Bank, is explicitly excluded from the definition of "debt collector" under the FDCPA, as he is an officer of a creditor, Southside Bank, while Southside Bank is trying to collect debts owed from the loan provided to Cofty, and by extension, McBride.  15 U.S.C. § 1692a(6)(A).  Moreover, Southside Bank contends that the FDCPA cannot apply to it because as First Bank & Trust's successor-in-interest, the debt originated with them.  Doc. No. 17 at 4-5 (citing 15 U.S.C. § 1692(a)(6)(F)(ii)).  McBride disagrees and argues that Southside is a third-party collector of the debt, which falls under the term "debt collector."  Doc. No. 14 at 3.

The FDCPA is clear that a "debt collector" is "any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts."  15 U.S.C. § 1692a(6).  This falls in line with the FDCPA's purpose, which is to "protect consumers from a host of unfair, harassing, and deceptive debt collection practices" that "only a small segment of the industry" engage in; "[u]nlike creditors, who generally are restrained by the desire to protect their good will when collecting past due accounts, independent collectors are likely to have no future contact with the consumer."  S. REP. NO. 95-382 at 1-2 (1977).

Moreover, this case is almost identical to *Thomasson v. Bank One, Louisiana, N.A.*  137 F. Supp. 2d 721 (E.D. La. 2001).  In *Thomasson*, a woman contracted with First National Bank of Commerce for a loan, secured by a certificate of deposit.  *Id.* at 722.  Bank One of Louisiana then acquired First National Bank of Commerce, as well as Thomasson's loan, and continued to demand payments from Thomasson, who struggled to pay back the loan.  *Id.*  Thomasson sued Bank One under the FDCPA, however the court held: "Bank One is not a 'debt collector' because as a bank

8

it primarily loans money to consumers rather than collects outstanding debts." *Id.* at 724 (collecting cases).

Here, the court has already acknowledged that Southside Bank is First Bank & Trust's successor-in-interest. June 24, 2022 R. & R., Doc. No. 11 at 2 ("Southside Bank is First Bank & Trust's successor-in-interest"). Moreover, McBride has not alleged, in either her complaint, nor in her objections or any other subsequent pleading, that Southside Bank falls under the FDCPA's legislative purpose or plain language of being a third-party collector. In other words, McBride has failed to allege that Southside Bank is really First Bank & Trust, using another name than its own, to recover on its debts. 15 U.S.C. § 1692a(6). Nor has McBride alleged that Southside Bank is not merely a creditor, but is rather a harassing and deceptive independent collector, such that it would fall under the FDCPA's definition of "debt collector." 15 U.S.C. § 1692a(6); S. Rep. No. 95-382 at 1-2 (1977); *Thomasson*, 137 F. Supp. 2d at 724.

Lastly, the court need not address McBride's passing reference to "Title 15 Section 78," as this misstates statutory law, states a legal conclusion in a subsequent pleading and not an allegation in her complaint, and sets out no facts that tie this statute to an allegation that jurisdiction exists or that a claim has been stated. *Caterpillar Inc.*, 482 U.S. at 392; *Gilbeaux v. Univ. of Tex. Med. Branch*, 42 F. Supp. 2d 637, 641 (E.D. Tex. 1998).

In sum, McBride's *Objections and Response to Report and Recommendation* (Doc. No. 14) do not adequately plead the existence of federal question jurisdiction such that the court may entertain the case, nor if liberally construed to the fullest extent, do they survive a challenge to a motion to dismiss under Rule 12(b)(6). As such, the undersigned recommends granting Defendant Lee Gibson's *Motion to Dismiss* pursuant to Rules 12(b)(1) and 12(b)(6) (Doc. No. 17).

## V. Recommendation

Because Plaintiff Jacque Lee McBride's claims do not invoke federal question jurisdiction and do not plausibly state a claim upon which relief may be granted, this case should be dismissed without prejudice for lack of subject matter jurisdiction.

## VI. Objections

Pursuant to 28 U.S.C. § 636(b)(1)(C) (Supp. IV 2011), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report; and (4) be no more than eight pages in length. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2); E.D. Tex. Civ. R. CV-72(c). A party who objects to this Report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this Report, within fourteen (14) days of being served with a copy of this Report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–

77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

SIGNED this 30th day of November, 2022.

_____
Zack Hawthorn
United States Magistrate Judge